THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : CASE NO.: 19-56979-SMS |
| | : |
| MARK CHRISTIAN, | : CHAPTER 13 |
| | : |
|    Debtor. | : JUDGE SIGLER |

---

| | |
|---|---|
| DANIELLA ABRAHA HINDS, | : |
| | : |
|    Movant, | : |
| | : CONTESTED MATTER |
| v. | : |
| | : |
| MARK CHRISTIAN, Debtor, | : |
| | : |
|    Respondent. | : |

**NOTICE OF HEARING**

    **PLEASE TAKE NOTICE** that **DANIELLA ABRAHA HINDS** has filed a Motion for Relief from Automatic Stay and related papers with the Court seeking an order lifting or modifying the automatic stay.

    **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion for Relief from Automatic Stay in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, at 2:00 p.m. on June 2, 2020. Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.

    Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

    If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of

filing the motion and agrees to a hearing on the earliest possible date. If a final decision cannot be rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

DATED: April 21, 2020.

/s Natalie R. Rowland
Natalie R. Rowland
Georgia Bar No. 431608
1820 The Exchange SE
Suite 150
Atlanta, Georgia 30339
(770) 952-5000 (P)
(770) 955-6173 (F)
nrowland@rowland-law.com
*Attorney for Daniella Abraha Hinds*

# THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : CASE NO.: 19-56979-SMS |
| | : |
| MARK CHRISTIAN, | : CHAPTER 13 |
| | : |
| Debtor. | : JUDGE SIGLER |
| ----------------------------------------- | ----------------------------------------- |
| DANIELLA ABRAHA HINDS, | : |
| | : |
| Movant, | : |
| | : CONTESTED MATTER |
| v. | : |
| | : |
| MARK CHRISTIAN, Debtor, | : |
| | : |
| Respondent. | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

DANIELLA ABRAHA HINDS ("Creditor"), by and through her undersigned counsel, moves for Relief from the Automatic Stay and states as follows:

1. The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362(d)(1), (d)(2) and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2. The Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on May 4, 2019.

3. Creditor is the mother of one of Debtor's children. Debtor included Creditor on his Schedule "E" of PRIORITY unsecured creditors.

4. Debtor has failed to make child support payments which have come due since this case was filed. Debtor owes Creditor approximately $16,672.54 as the result of the cumulative buildup of unpaid child support by the Debtor pursuant to an award of child support to Creditor by Order

of the Cherokee Office of State Administrative Hearings, Docket No. OSAH-CSS-EST 1600879-28-Woodard, Agency No. 180025735. A true and correct copy of said Order is attached hereto as Exhibit "A."

5. As of April 15, 2020, seven (7) post-petition child support payments of $930.00 each have been missed. A screenshot of the payments made by the Debtor since the filing of this case and as provided by the Georgia Department of Human Services (Child Support Division) is attached hereto as Exhibit "B."

6. The aforementioned debt is not dischargeable, and specifically exempted from discharge by title 11 U.S.C. § 523(a)(15).

7. Creditor's interests are not being adequately protected.

8. Creditor maintains that cause exists pursuant to 11 U.S.C. § 362(d)(1) for the automatic stay to be lifted.

9. A copy of the proposed order is attached hereto.

WHEREFORE, Creditor respectfully requests that the automatic stay be lifted or modified so that Creditor may be permitted to protect her interests in the Debtor's property outside of the Bankruptcy forum and for such other relief as the Court may deem just and proper.

DATED: April 21, 2020.

/s Natalie R. Rowland
Natalie R. Rowland
Georgia Bar No. 431608
1820 The Exchange SE
Suite 150
Atlanta, Georgia 30339
(770) 952-5000 (P)
(770) 955-6173 (F)
nrowland@rowland-law.com
*Attorney for Daniella Abraha Hinds*

# EXHIBIT A

http://www.adultpdf.com
Created by TIFF To PDF trial version, to remove this mark, please register this software

IN THE OFFICE OF STATE ADMINISTRATIVE HEARINGS CHEROKEE
STATE OF GEORGIA

GEORGIA DEPARTMENT OF HUMAN SERVICES,
ex rel.,
ABRAHAM CHRISTIAN
    Petitioner,

v.

MARK CHRISTIAN,
    Respondent.

FILED OSAH
FEB 23 2016

DOCKET NO: OSAH-CSS-EST
1600879-28-Woodard

Agency Reference No.: 180025735

## ORDER FOR CHILD SUPPORT

The above-referenced case having been heard and/or considered by the Office of State Administrative Hearings and/or the parties having consented to an administrative order, it is hereby ordered that:

    a) Respondent shall notify the IV-D Agency, the Georgia Department of Human Services, Division of Child Support Services (hereinafter DCSS) within seven (7) days of any change of address, change of employment, receipt of unemployment or workers' compensation payments, and receipt of any income from any source (including but not limited to personal injury or other lawsuit proceeds, severance pay, retirement or pension payments, lottery or other winnings);

    b) Respondent is notified that pursuant to Georgia law, DCSS may use various administrative remedies independent of the Court, including but not limited to: seizure of financial assets from various sources as well as suspension of any and all public licenses held by Respondent in any state.

    c) All payments received shall be applied to any current support obligations, then to all other amounts owed by the Respondent and collected by DCSS in such manner as set forth by the Code of Federal Regulations and as deemed appropriate by DCSS. Any amount owed that is not either current support or a cost assessed for the processing of a payment shall be deemed to be arrears. If the Respondent owes any arrears at the time current support ends for a child or children, then the Total Amount of Deduction listed in the income deduction order (IDO) shall continue unreduced until all arrears are paid in full.

    d) Respondent shall pay any applicable Family Support Registry (FSR) fee for each payment pursuant to O.C.G.A. § 19-6-33.1(j) as well as any other fees owed to the State by FIW, including but not limited to those fees due under Ga. law or applicable DHS Rules and Regulations pursuant to Rule 290-7-1.05.

    e) This order is subject to the right to request a review and modification as set forth in O.C.G.A. § 19-11-12;

    f) Respondent is notified that, notwithstanding any provision in this order pertaining to the payment or collection of arrears, Plaintiff retains the right under the law to intercept Respondent's state and federal income tax refunds if any arrears or interest are owed.

    g) Whenever, in violation of the terms of this Order, there shall have been a failure to make the support payments due hereunder so that the amount unpaid is equal to or greater than the amount payable for one month, the payments required to be made may be collected by the process of continuing garnishment for support.

    h) All missed payments of support shall be subject to interest pursuant to O.C.G.A. §7-4-12.1, but will be collected by DCSS only when authorized by O.C.G.A. § 19-11-7.

https://www.adultpdf.com
Created by TIFF To PDF trial version, to remove this mark, please register this software

**It is furthered Ordered that:**
(Only the items initialed by the parties and/or Court are applicable):

1. **Service and Appearance of the Respondent:**

   \_\_\_\_ The Respondent was served by first class U.S. mail or with process and appeared, or
   ✗ The Respondent was served with process and failed to appear, or
   \_\_\_\_ The Respondent waived service and appeared, or
   \_\_\_\_ The Respondent waived service and failed to appear.

2. **Paternity and Testing:**

   \_\_\_\_ The Respondent was informed that since no prior order establishing paternity exists, that genetic testing was available. The Respondent was also informed that an admission of paternity would be considered binding in all future actions and that the Department would oppose any later request for testing or other challenge to paternity. The Respondent after having been made aware of the availability and cost of genetic testing specifically waives it, and consents to paternity being established.

   X Respondent is the parent of the minor child(ren) named in Plaintiff's complaint and listed below:

   | CHILD(REN)'S NAME | CHILD(REN)'S D.O.B. |
   |---|---|
   | ABRAHAM CHRISTIAN | XX-XX-2013 |

   N/A Paternity of the following children cannot be established by agreement of the parties and Respondent is ordered to submit to genetic testing to be set up by DCSS. Therefore, the issue of paternity of the below named child(ren) shall be continued until OSAH can receive the results of said testing.

   | CHILD(REN)'S NAME | CHILD(REN)'S D.O.B. |
   |---|---|
   | ABRAHAM CHRISTIAN | XX-XX-2013 |

   Respondent will be notified of the test date and the results by first class mail and will appear at the test site on the day and time contained in the notice. Respondent shall report any changes of address to DCSS within 24 hours of any change.

   N/A Respondent has been excluded as the parent of the minor child(ren) named in Plaintiff's complaint and listed below:

   N/A The Respondent having failed to appear and answer after proper service of process, paternity is therefore established by default for the minor child(ren) listed above.

http://www.adultpdf.com
Created by FPPF To PDF trial version, to remove this mark, please register this software

Income and Guidelines: This Order incorporates by specific reference the Court's own worksheets and schedules, along with any and all findings of fact made on them, as if they were fully set forth herein. Worksheets and schedules were submitted by the following: (check all that apply)

X  Mother of child(ren)
X  Father of child(ren)
___ Non-Parent Custodian
___ Office of Child Support Services

X  Income was imputed for the following persons (check where applicable):
   X  Mother
   X  Father

The Court finds that the above person(s) is/are capable of earning at least minimum wage.

### 4. Reasons for Deviation from the Guidelines:

Unless otherwise noted below, all reasons for deviation are listed in the attached worksheets and schedules.

N/A  In addition to those listed on its own worksheet and schedules the Court found the following reasons, for deviating from the child support table, to wit:

_____

According to the Court calculation the father shall be responsible for 52.20 % of any unreimbursed medical expenses, and other items listed within O.C.G.A. §19-6-15.

According to the Court calculation the mother shall be responsible for 47.80 % of any unreimbursed medical expenses, and other items listed within O.C.G.A. §19-6-15.

### 5. Amount of Current Support

X  Respondent shall pay $930.00 per MONTH as current support starting MARCH 1st, 2016, and
___ continuing for so long as it was ordered under the original order, or
X  continuing until the child or each respective child attains age 18, dies, marries or becomes emancipated; provided that said support shall continue, without further order and without interruption, for any child who, on reaching age 18, is enrolled in and attending secondary school and is not married or emancipated, until such child completes secondary school or reaches age 20, whichever occurs first. Current child support shall pro-rate through the last full day that current support was due.

http://www.adultpdf.com
Created by TIFF To PDF trial version, to remove this mark, please register this software

**6. Redirection:**

__N/A__ This order is being set for more than one child, should any of the children leave the home of their current custodian and be placed in the custody of any person other than the Respondent the amount of support for each said child shall be redirected to the new custodian upon application to DCSS. If any of the children return to the custody of the Respondent then the amount of current support in this order shall be reduced unless the Respondent owes arrears in which case the same amount of current should be collected with the amount for the child returned to the Respondent being paid on any outstanding arrears amount, once those arrears are paid in full the amount of current support may be reduced in an amount to represent that child's share of the total amount of support as per DHS Rule 290-7-1-.15. The Respondent is reminded that once custody of one or more of the children changes or that support should stop for any of the children that the Respondent has the right to have the order modified under O.C.G.A. § 19-11-12.

**7. Accident and Sickness and/or Health Insurance:**

The obligation to have accident and sickness and/or health insurance will remain in effect until such time as no current monetary support is due under the order.

__X__ The [mother](father) shall be required to obtain accident/sickness/health insurance for the above captioned minor child(ren) and provide proof of such coverage to DCSS for distribution to the other parent/custodian. Said named Respondent shall maintain accident and sickness insurance for the minor child(ren) whenever the same is available at reasonable cost as defined by the Court. Said named Respondent shall send a copy of the insurance policy and/or insurance card to DCSS within ten (10) days of the date of this order, or within ten (10) days of Respondent's obtaining said insurance. Said named Respondent shall notify DCSS within ten (10) days of the date said insurance becomes available. Failure to provide such coverage may result in direct enforcement of the Order in accordance with O.C.G.A. § 19-11-27. The said named Respondent or the IV-D Agency (DCSS) shall, upon request, provide information to the insurer necessary to meet the ERISA requirements, 29 U.S.C. § 1169, defining a qualified medical support order. The provisions of this paragraph are not intended to reduce the level or extent of health insurance to be provided for the children by said named Respondent as required by the previous Court order and shall not have that effect.

__N/A__ The Court finds that a non parent custodian has the child(ren) covered under accident and sickness insurance.

**8. Past Due Support or other Arrears:**

__N/A__ Respondent is found in arrears in the amount of $_____ (including / excluding interest) as of _____, 201___. All amounts of past due support subject to interest will be charged interest pursuant to O.C.G.A. 7-4-12.1;

__N/A__ Respondent owes interest in an amount not less than $_____ as of _____, 201___.

__N/A__ Respondent is hereby ordered to pay the sum of $_____ per _____ per child current child support and $_____ per _____ towards the arrearage beginning _____. Said payments will continue until the total amount due has been paid in full, including interest and arrears.

http://www.adultpdf.com
Created by PDFarial version, to remove this mark, please register this software

\_\_\_\_ Respondent shall pay to the Department the amount of $_____
_____, starting _____, 201\_\_, for other arrears
(medical, etc…), until all past due amounts have been paid in full.

**9. Payment**

\_X\_\_\_\_\_ All payments of support and arrears shall be paid through DCSS at such address as said office shall direct. Payments shall be by means of a mandatory income withholding order issued by DCSS. Until such time as the Respondent's employer deducts payments, the Respondent will be responsible for making all payments by money order/certified or cashiers check directly to Family Support Registry (FSR), P.O. Box 1600, Carrollton, GA 30112-1600.

**10. Income Deduction Order (IDO)**

\_X\_\_\_\_\_ The Court orders DCSS to issue an income deduction order (Federal Form OMB: 0970-0154, Order/Notice to Withhold Income for Child Support) to the employer of the Respondent and all subsequent employers.

This Income Deduction Order should be made effective:
( XXX ) **Immediately.**
(_____) **Upon a delinquency** equal to one months support. This court finds that good cause was shown to delay the effective date of this order. DCSS may issue its IDO, by serving a "Notice of Delinquency" on the Respondent as provided in O.C.G.A. §19-6-32(f).

**AMOUNT:** The IV-D Agency shall issue the IDO for the amount of current support due under this order. The IV-D Agency may add to this amount an additional amount for repayment if the Obligor becomes more than 30 days delinquent on his current support or fee accounts. Further, if the Obligor becomes more than 30 days delinquent for support or for fees owed to DCSS, including but not limited to past due genetic test fees and file maintenance fees, pursuant to O.C.G.A. 19-6-32 DCSS may add an amount to be applied towards any amount owed for such past due support or fees. The IV-D Agency shall notify the obligor by first class mail at the obligor's last known address, of its intent to add this extra amount and if the obligor makes a written objection to the amount of the repayment, a hearing shall be held to hear said objection.

**DURATION:** The DCSS income deduction order shall supersede any income deduction order that may have been previously entered in this case. This IDO shall remain in full force and effect until modified, suspended or terminated by further order of this Court or until such time as the Custodial Parent terminates the assignment of rights to DCSS and there are no funds being collected on behalf of a debt owed to the State.
The DCSS income withholding order and all further papers required to be served pursuant to O.C.G.A. §19-6-30 et seq., shall be served upon Respondent by regular mail in accordance with the alternative service provisions of O.C.G.A. §9-11-4.

**DUTY TO ENSURE COMPLIANCE:** The Respondent is hereby ordered to perform all acts necessary for the proper withholding of the sums stated in this income withholding order, including delivery of the same to his employer and future employers, and to personally monitor and confirm on an ongoing basis that the payments withheld are timely and properly deducted from his/her income and forwarded as ordered, correctly identified with the above case. Failure of the employer to perform under this order does not relieve the Respondent of the obligation to insure that payment is made.

http://www.adultpdf.com
Created  to remove this mark, please register this software

**CONSUMER CREDIT PROTECTION ACT.** The maximum amount to be deducted shall not exceed the amounts allowed under section 303.b of the Consumer Credit Protection Act, 15 U.S.C. §1673(b) as amended.

### 12. Fatherhood Program:

_N/A_ The Respondent states that he/she is unemployed/underemployed; therefore, the Respondent is ordered to appear at such time, place and date as is instructed by DCSS, and thereafter to participate in the Fatherhood Program.

### 13. Waivers:

_N/A_ Respondent understands and specifically waives his or her right to a trial on the above determination, and acknowledges that the evidence presented at such a trial would authorize such a determination.

### 14. Service Fees:

_X_ The Respondent shall pay service costs in the amount of $139.95. Said costs shall be paid by money order/certified or cashiers check directly to DCSS at such address as said office shall direct. *$150.00 service fee & $88.95 Genetic Testing fee

SO ORDERED, this _13_ day of _February_, 201_6_

_____
Administrative Law Judge

Respondent consented to by:

_Failed to Appear_
MARK CHRISTIAN
Respondent

_____
Attorney for Respondent

Division of Child Support Services consented to by:

_____
Division of Child Support Services

http://www.adultpdf.com
Created by TIFF To PDF trial version, to remove this mark, please register this software

IN THE OSAH COURT OF CHEROKEE COUNTY
STATE OF GEORGIA

☑ DHS, ex rel., o/b/o

ABRAHAM CHRISTIAN
* Plaintiff,
vs.
MARK CHRISTIAN
* Defendant,

Civil Action Case No.: 1600879-28-W

IV-D Case No.: 180025735

Comments for Court:

☑ Initial Action
☐ Modification
Date of Initial Child Support Order:

Mother: DANIELA HINDS
Father: MARK CHRISTIAN

| Included | Name | Birth Year | Included | Name | Birth Year |
|---|---|---|---|---|---|
| 1. ☑ | ABRAHAM CHRISTIAN | 2013 | 7. ☐ | | |
| 2. ☐ | | | 8. ☐ | | |
| 3. ☐ | | | 9. ☐ | | |
| 4. ☐ | | | 10. ☐ | | |
| 5. ☐ | | | 11. ☐ | | |
| 6. ☐ | | | 12. ☐ | | |

Total Number of Children: 1

Noncustodial Parent:
☐ Mother
☑ Father
☐ Nonparent Custodian

Submitted by: DCSS

Lines 12 and 14 are enterable fields; all other fields will automatically calculate and display amounts.

| | | Mother | Father | Total |
|---|---|---|---|---|
| 1. | Monthly Gross Income | $ 3,030.28 | $ 3,308.65 | $ 6,338.93 |
| 2. | Monthly Adjusted Income From Schedule B, Line 9 or 14. | $ 3,030.28 | $ 3,308.65 | $ 6,338.93 |
| 3. | Pro Rata Shares of Combined Income | 47.80% | 52.20% | 100.00% |
| 4. | Basic Child Support Obligation (from the Table) | | | $ 1,015.00 |
| 5. | Pro rata shares of Basic Child Support Obligation | $ 485.17 | $ 529.83 | |
| 6. | Adjustment for Work Related Child Care and Health Insurance Expenses From Schedule D, Line 5. | $ 366.63 | $ 400.37 | |
| 7. | Adjusted Child Support Obligation Total of Lines 5 & 6. | $ 851.80 | $ 930.20 | |
| 8. | Adjustment for Additional Expenses Paid. From Schedule D, Line 3. | $ 767.00 | $ - | |
| 9. | Presumptive Amount of Child Support Line 8 subtracted from Line 7. | $ 84.80 | $ 930.20 | |

The amount on Line 9 is the Presumptive Child Support Amount

http://www.adultpdf.com
Created by TIFF To PDF trial version, to remove this mark, please register this software

CHILD SUPPORT WORKSHEET

| | | Mother | Father |
|---|---|---|---|
| 10. | Deviations from Presumptive Child Support Amount. Amounts from *Schedule E, Line 14* will automatically display. | $ - | $ - |
| 11. | Subtotal (Line 9 plus Line 10) | $ 84.80 | $ 930.20 |
| 12. | Social Security Payments (excludes Supplemental Security Income (SSI)) If a child receives Title II Social Security benefits as a dependent on a parent's account, enter that monthly amount here in that parent's column. If none, leave blank. *(See User Guide.)* | $ | $ |
| 13. | Final Monthly Child Support Amount (rounded to a whole number) If the amount on Line 12 is equal to or greater than Line 11, the child support responsibility is met and no further obligation is owed. | $ 85.00 | $ 930.00 |

The amount on Line 13 is the Final Child Support Amount.

Uninsured Health Expenses

| | | | |
|---|---|---|---|
| 14. | Carry down percentages from Line 3; enter percentages agreed to; or enter percentages otherwise ordered by the Court. | 47.80% | 52.20% |

Schedules | | Attached | Not Applicable
---|---|---|---
A | Gross Income | ☑ | 
B | Adjusted Income | ☐ | ☑
C | Schedule C is not in use and is intentionally left blank | | 
D | Additional Expenses | ☑ | ☐
E | Deviations from Presumptive Amount | ☐ | ☑

Print Instructions for the Child Support Worksheet and Schedules

Names of Parties: ABRAHAM CHRISTIAN   vs. MARK CHRISTIAN

Submitted by: DCSS

Today's date: 02/18/2016

Case #: 1600879-28-W

Version 9.2

GEORGIA

Child Support Worksheet - CSC Standard Form
CHRISTIAN 160025735 w daycare.xlsm  2015v9.2
Page 2 of 2

http://www.adultpdf.com
Created by TIFF To PDF trial version, to retrieve this mark, please register this software

## CHILD SUPPORT SCHEDULE A
### GROSS INCOME

| * Schedule A - Gross Income  The entry of Income in this section is required to generate a Worksheet. | (a) Mother | (b) Father | (c) Combined |
|---|---|---|---|
| If a parent receives TANF, click in box, check mark will appear; click again to remove check mark; otherwise leave blank. Do not include monthly TANF check amount as income. | ☐ | ☐ | |
| Use Schedule A to enter Gross Income of each parent. Enter amounts/data in yellow fields only. Calculations will automatically display in the appropriate white fields. | | | |
| Convert all amounts to a monthly average. | | | |
| 1. Salary and Wages (Do not include means-tested public assistance, such as TANF or food stamps.) | $ 3,030.28 | $ 3,308.65 | |
| 2. Commissions, Fees, Tips | $ | $ | |
| 3. Income From Self-Employment | $ | $ | |
| 4. Bonuses | $ | $ | |
| 5. Overtime Payments | $ | $ | |
| 6. Severance Pay | $ | $ | |
| 7. Recurring Income from Pensions or Retirement Plans | $ | $ | |
| 8. Interest Income | $ | $ | |
| 9. Income from Dividends | $ | $ | |
| 10. Trust Income | $ | $ | |
| 11. Income from Annuities | $ | $ | |
| 12. Capital Gains | $ | $ | |
| 13. Social Security Disability or Retirement Benefits received as income by a parent in this case. (Excludes SSI or payments for children) | $ | $ | |
| 14. Federal Veterans' Disability Benefits | $ | $ | |
| 15. Worker's Compensation Benefits | $ | $ | |
| 16. Unemployment Benefits | $ | $ | |
| 17. Judgments from Personal Injury or Other Civil Cases | $ | $ | |
| 18. Gifts (cash or other gifts that can be converted to cash) | $ | $ | |
| 19. Prizes / Lottery Winnings | $ | $ | |
| 20. Alimony & maintenance from persons not in this case | $ | $ | |
| 21. Assets which are used for support of family | $ | $ | |
| 22. Fringe Benefits (if significantly reduce living expenses) | $ | $ | |
| 23. Any Other income, including imputed income (Do not include means-tested public assistance.) | $ | $ | |
| 24. * TOTAL GROSS MONTHLY INCOME  Total will automatically display here, on Line 1 of Worksheet, and Line 1 of Schedule B. | $ 3,030.28 | $ 3,308.65 | $ 6,338.93 |

Enter below explanations for the basis of Other Income, explain the basis for Other Income, including Imputed Income, as entered on Line 23 above for Mother and/or Father.

**Mother**
Per DOL wage inquiry

**Father**
Per DOL wage inquiry

Names of Parties: ABRAHAM CHRISTIAN  vs. MARK CHRISTIAN

Submitted by: DCSS                                                                                                                                 Today's date: 02/18/2016

Case #: 1600679-28-W                                                                                                                              Version 9.2

Child Support Schedule A - CSC Standard Form
CHRISTIAN 180925735 w daycare.xlsm  2015v9.2
Page 1 of 1

GEORGIA

http://www.adultpdf.com
Created by TIFF To PDF trial version, to remove this mark, please register this software

## CHILD SUPPORT SCHEDULE D - ADDITIONAL EXPENSES

| Schedule D-Additional Expenses: Enter amounts/data in yellow fields only. Calculations will automatically display in the appropriate white fields on this schedule. | (a) Mother | (b) Father | (c) Nonparent Custodian | (d) Combined |
|---|---|---|---|---|
| 1. Child Care Expenses necessary for parent's employment, education or vocational training. Monthly average amount paid by each Parent (or Nonparent Custodian) for child care for the children for whom support is being determined from all Supplemental Tables from Lines 7, 13 and 19. | $ 767.00 | $ - | $ - | $ 767.00 |
| 2. Health Insurance Premiums Paid for the Children. Enter monthly amount paid or will be paid by each parent or Nonparent Custodian for health insurance. (If portion is unknown, prorate for children by dividing total premium by number of persons covered then multiply by number of covered children in this action.) | $ | $ | $ | $ |
| 3. Total Monthly Additional Expenses (Line 1 plus Line 2) | $ 767.00 | $ - | $ - | $ 767.00 |
| 4. Pro Rata Share of Parents' Income (from Child Support Worksheet Line 3) | 47.80% | 52.20% | | 100.00% |
| 5. Pro Rata Share of Additional Expenses. Amount in Column (d) of Line 3 is multiplied by percentages on Line 4. Results automatically display on Line 5 of Worksheet. | $ 366.63 | $ 400.37 | | $ 767.00 |

**Supplemental Table 1:** Use this table to calculate amounts for line 1, Schedule D, children 1, 2 and 3. For additional children use Supplemental Table 2, 3, and/or 4.

| | Child 1 | Child 2 | Child 3 | |
|---|---|---|---|---|
| 1. Children's Names → (Names will automatically display) | ABRAHAM CHRISTIAN | | | |
| **Child Care Paid by Mother** | | | | Totals |
| 2. Total yearly amount during school year | $ - | $ - | $ - | $ - |
| 3. Total yearly amount during summer break | $ - | $ - | $ - | $ - |
| 4. Total yearly amount during school breaks | $ - | $ - | $ - | $ - |
| 5. Total yearly amount of other child care (e.g. pre-school or child with disability) | $ 9,204.00 | $ - | $ - | $ 9,204.00 |
| 6. Total Yearly Amounts | $ 9,204.00 | $ - | $ - | $ 9,204.00 |
| 7. Monthly Average (Divide Line 6 by 12 months) | $ 767.00 | $ - | $ - | $ 767.00 |
| **Child Care Paid by Father** | ABRAHAM CHRISTIAN | | | Totals |
| 8. Total yearly amount during school | $ - | $ - | $ - | $ - |
| 9. Total yearly amount during summer break | $ - | $ - | $ - | $ - |
| 10. Total yearly amount during other school breaks | $ - | $ - | $ - | $ - |
| 11. Total yearly amount of other child care (e.g. pre-school or child with disability) | $ - | $ - | $ - | $ - |
| 12. Total Yearly Amounts | $ - | $ - | $ - | $ - |
| 13. Monthly Average (Divide Line 12 by 12 months) | $ - | $ - | $ - | $ - |
| **Child Care Paid by Nonparent Custodian** | ABRAHAM CHRISTIAN | | | Totals |
| 14. Total yearly amount during school | $ - | $ - | $ - | $ - |
| 15. Total yearly amount summer break | $ - | $ - | $ - | $ - |
| 16. Total yearly amount during other school breaks | $ - | $ - | $ - | $ - |
| 17. Total yearly amount of other child care (e.g. pre-school or child with disability) | $ - | $ - | $ - | $ - |
| 18. Total Yearly Amounts | $ - | $ - | $ - | $ - |
| 19. Monthly Average (Divide Line 18 by 12 months) | $ - | $ - | $ - | $ - |

Names of Parties: ABRAHAM CHRISTIAN vs. MARK CHRISTIAN

Submitted by: DCSS

Case #: 1600879-28-W

Today's date: 02/18/2016

Version 9.2

Child Support Schedule D - CSC Standard Form
CHRISTIAN 180025735 w daycare.xlsm  2015v9.2
Page 1 of 1

GEORGIA

# EXHIBIT B



### Checks

DANIELA ABRAHA

The following checks have been issued in the last year. Click on the check date to view check details.

| Date | Method/Check No. | Amount | Payor | Case |
|---|---|---|---|---|
| 02/05/2020 | Debit Card | $134.43 | M. CHRISTIAN | 180025735 |
| 01/06/2020 | Debit Card | $336.43 | M. CHRISTIAN | 180025735 |
| 12/06/2019 | Debit Card | $131.44 | M. CHRISTIAN | 180025735 |
| 09/09/2019 | Debit Card | $930.00 | M. CHRISTIAN | 180025735 |
| 08/07/2019 | Debit Card | $924.18 | M. CHRISTIAN | 180025735 |
| 06/10/2019 | Debit Card | $997.09 | M. CHRISTIAN | 180025735 |
| 05/15/2019 | Debit Card | $979.63 | M. CHRISTIAN | 180025735 |

**CERTIFICATE OF SERVICE**

I, Natalie R. Rowland, certify that I am over the age of 18 and that on April 21, 2020, I served a copy of the foregoing **Notice of Hearing and Motion for Relief from Automatic Stay** by first class U. S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Susan S. Blum
Ginsberg Law Offices, PC
1854 Independence Square
Atlanta, Georgia 30339

Mark Christian
624 Victoria Lane
Woodstock, Georgia 30189-1475

Kathryn C. Reeder
Georgia Department of Human Services
Division of Child Support Services
P.O. Box 218
Holly Springs, Georgia 30142

Mary Ida Townson
Chapter 13 Trustee
Suite 1600
285 Peachtree Center Avenue NE
Atlanta, Georgia 30303

Brian K. Jordan
ALDRIDGE PITE, LLP
Fifteen Piedmont Center 3
575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305

DATED: April 21, 2020.

/s Natalie R. Rowland
Natalie R. Rowland
Georgia Bar No. 431608
1820 The Exchange SE
Suite 150
Atlanta, Georgia 30339
(770) 952-5000 (P)
(770) 955-6173 (F)
nrowland@rowland-law.com
*Attorney for Daniella Abraha Hinds*